**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ANTONIO M. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-00844-SRB-DJF |
| | ) | |
| PAMELA BONDI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Antonio M.'s ("Petitioner") Request for Attorney Fees. (Doc. #26.) Petitioner requests an award of attorney's fees in this case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $1,125.00.

The EAJA requires a court to award fees, costs, and other expenses to a prevailing party in proceedings brought against the federal government, unless the position of the government was substantially justified or special circumstances make an award unjust. § 2412(d)(1)(A). The federal government carries the burden of proving that its position, including the action by the agency upon which the civil action was based, *see* § 2412(d)(2)(D), was substantially justified. *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012).

Petitioner argues that "the Government's conduct in this matter was not 'substantially justified,' as demonstrated by its acknowledged loss of [Petititioner's] driver's license[.]" (Doc. #26, p. 2.) "Federal Respondents agree that Petitioner is a prevailing party in this case and take no position on either the substantial-justification question or the appropriateness of the requested fee amount, leaving those questions to the Court's sound discretion." (Doc. #28, p. 1.) The government bears the burden of showing that its position is substantially justified, and Respondents have failed to carry this burden. Therefore, the Court finds that Respondents'

position was not substantially justified.

Next the Court must determine what fees are reasonable. The best starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. *Id*. The Court must exclude from this calculation hours that were not reasonably expended. *Id*. at 433-34.

Petitioner requests $1,125.00 in attorneys' fees and costs. This amount consists of the billable time Petitioner's counsel expended in the pursuit of obtaining Petitioner's confiscated driver's license. Upon review, the Court finds that hours expended were reasonable. Respondents failed to return Petitioner's driver's license and later acknowledged that they had lost it. As a result, Petitioner's counsel expended 4.5 hours performing the following work:

> a. Communicating with [her] client and his family, and internally with colleagues, regarding Petitioner's confiscated driver's license;
>
> b. Preparing the Petitioner's Motion to Show Cause to secure the return of the driver's license and reviewing Respondents' related filings;
>
> c. Communicating via email with Respondents' counsel to secure return of the license, including several times after the Court entered its Order granting Petitioner's Motion to Show Cause to the extent that Respondents were required to immediately return Petitioner's money and driver's license; and
>
> d. Traveling to the Whipple Federal Building to retrieve Petitioner's confiscated money and attempting to retrieve the driver's license.

(Doc. #16, pp. 2-3.)

As for the hourly rates, Petitioner's counsel requests her hours be billed at $250.00 per hour. The Court finds this rate appropriate given the cost of living and that similar rates have been approved by the District of Minnesota in similar cases. *See* § 2412(d)(2)(A); *see also*

*Maria V.H. v. Pamela Bondi*, 26-cv-546-JMG.

Accordingly, it is hereby ORDERED that Petitioner's Request for Attorney Fees (Doc. #26) is GRANTED. It is further ORDERED that, pursuant to 28 U.S.C. § 2412, Respondents shall pay attorneys' fees in the amount of $1,125.00 within thirty (30) days of the date of this Order. Payment shall be issued jointly to Petitioner and Petitioner's counsel: Emily Curran, Housing Justice Center, 275 E. 4th Street, #590, Saint Paul, MN 55101.

**IT IS SO ORDERED.**

Date: April 1, 2026

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE